# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

KERI MACK, JANEEN MACK,
ROSEMARIE MITCHELLE, MICHELLE NANCE,
and JACQUELINE BULLOCK,

                Plaintiffs,

      v.                                  Case No. 09-CV-0025

JURLEAN BAILEY, and ARK OF THE NEW
COVENANT CHURCH OF GOD IN CHRIST, INC.,
d/b/a ARK HAVEN FOR THE ELDERLY,

                Defendants.

_____

# ORDER

On January 6, 2009, plaintiffs filed a complaint alleging violations of the Fair Labor Standards Act arising from unpaid overtime wages allegedly owed for work done at the Ark Haven for the Elderly.  In response, the defendants filed a motion to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Instead of responding to the motion, the plaintiffs filed an amended complaint.  The defendants' motion to dismiss remains pending before the court.

Federal Rule of Civil Procedure 15 allows a party to "amend its pleading once as a matter of course before being served with a responsive pleading..." Fed. R. Civ. P. 15(a)(1).  However, "[f]or purposes of Rule 15(a), a motion to dismiss does not constitute a responsive pleading." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).  In addition, when an amended complaint is filed, that amended complaint

becomes controlling and the prior pleading is withdrawn. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008).

In this case, the plaintiffs filed their amended complaint before any responsive pleading was filed. As noted above, the defendants' motion to dismiss the complaint does not constitute a responsive pleading. Therefore, the plaintiffs had the right to file an amended complaint as a "matter of course" without leave of the court. Fed. R. Civ. P. 15(a)(1). In addition, the amended complaint supersedes the original complaint. *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 736 (7th Cir. 2002). Thus, the plaintiffs' amended complaint controls the court's evaluation of any failure to state a claim under Rule 12(b)(6).

The court finds that the amended complaint cures any deficiencies in the original complaint identified by the defendants' motion to dismiss. In their motion, the defendants urge this court to dismiss the plaintiffs' original complaint because it: a) contains only "labels and conclusions, and a formulaic recitation of the elements" of the causes of action; and b) their collective action allegations lack an adequate factual or other basis. (Defs.' Mot. Dismiss 2-3). The amended complaint resolves these issues by providing appropriate detail regarding the dates of the individual plaintiffs' employment and their employer's scheduling practices. In addition, the amended complaint eliminates the collective action allegations appearing in the original complaint. Therefore, the court will deny the motion to dismiss for failure to state a claim.

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss the complaint (Docket #11) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge