UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Case No. 09-cv-25

KERRI MACK, et al.,
    Plaintiff(s),

    v.

JURLEAN BAILEY, et al.,
    Defendant(s).

_____/

# PLAINTIFFS' BRIEF IN SUPPORT OF THEIR PETITION FOR ATTORNEY'S FEES & COSTS

Plaintiffs, Kerri Mack, et al., through counsel, submit the following brief in support of their Petition to the Court for an award of attorney's fees and costs of the action, per 29 U.S.C. § 216(b).

## Summary of Facts Relevant to the Petition

Plaintiffs sued Defendants for violations of the Fair Labor Standards Act, claiming unpaid wages and overtime pay. This action resolved by the Court's Order of November 8, 2010, directing entry of judgment in Plaintiffs' favor upon the stipulation of the parties. Document No. 53. The parties filed their stipulation on the day before the Court's scheduled final pretrial conference of October 26, 2010. Document No. 51. The amount of the judgment is $21,342.26, without accounting for any attorney's fees or costs to date. The parties stipulated that Plaintiffs are entitled to an award of attorney's fees and expenses, such amounts to be determined by the Court. Document No. 51.

In this action, 10 Plaintiffs, represented by Attorney Gordon Leech, brought claims against Jurlean Bailey, in her individual capacity, and Ark Haven of the New Covenant Church of God in Christ, Inc., for claims of unpaid wages and overtime pay under the Fair Labor Standards Act.

See the Second Amended Complaint. Attorney Leech represents the plaintiffs under a contingency fee agreement, where he recovers a fee only upon receipt of funds from the defendants. Plaintiffs' Exhibit A, Declaration of Gordon Leech. The claims covered up to a three-year period of employment for each plaintiff, though not all worked a full three years prior to the filing of the Complaint. Plaintiffs' Exhibit A, Declaration of Gordon Leech.

Plaintiffs' counsel attempted to balance the amount of time spent litigating the case versus attempts to resolve the case for a fair amount for each plaintiff in his declaration submitted with the Petition. Plaintiffs' Exhibit A, Declaration of Gordon Leech. In addition to the preparation of pleadings, his efforts include the following. *Id*. He created a spreadsheet that calculated the appropriate amount of each plaintiff's claim. *Id*. He obtained time and pay records initially from his clients, though the records were not complete. *Id*. He also obtained time and pay records from the defendants, though these records were also incomplete. *Id*. Also, there were times that were not reflected in the records--some due to missing records from the defendants and some because the plaintiffs worked off the clock. *Id*. Plaintiff's counsel reviewed and analyzed these records in detail and developed factual and legal theories for making a fair representation of each of his client's claim according to each workweek for each plaintiff. *Id*. He supervised legal assistants that spent hours putting the information into the spreadsheets for his review and approval. *Id*. Plaintiffs provided the initial spreadsheet and its calculations to the defendants' counsel. *Id*. Defendants' counsel indicated that alternative workweeks may apply. *Id*. Because of the potential alternative theory of the workweek, Plaintiffs' counsel created a revision to the formulas in the spreadsheet to examine what difference, if any, such workweeks made to the claims. *Id*. The data in the original spreadsheet was used in the revised spreadsheet, and only the manner in which the spreadsheet calculated the data had to be revised, which he personally

2

performed as no one else in the firm possessed the required knowledge or understanding of Excel formulas to accomplish this task. *Id*. The final version of this spreadsheet was approximately 94 pages. *Id*. The complaint was amended twice to account for additional plaintiffs and amendment of the substantive claims. *Id*. The defendants filed motions to dismiss as to the original complaint and the First Amended Complaint. *Id*. The defendants took 10 depositions, one of each plaintiff. *Id*. The plaintiff took only one deposition—the corporate defendant's agent under Rule 30(b)(6). *Id*. The parties both conducted written discovery and also exchanged information informally to avoid increasing the time and cost of this action. *Id*. A substantial amount of time was spent negotiating the claim and reviewing the amounts claimed by each plaintiff. *Id*. The plaintiffs made offers to resolve the original claim and each of the additional plaintiff's claims early in the case in an effort to incur the least amount of time in litigation while still recovering an appropriate amount each plaintiff. *Id*. Ultimately, the plaintiffs secured a stipulated judgment against the defendants for 1.5 times each plaintiff's claim. *Id*. If this matter was tried, rather than settled by stipulation, and the plaintiffs prevailed on their claims, they could have recovered either one times the unpaid overtime wages or, if the court found the defendants' violation willful, then two-times the claimed amount. *Id*., *See also* 29 U.S.C. § 216(b).

Plaintiffs' counsel has almost 20 years of experience representing clients in employment and consumer matters *Id*. Counsel's hourly rate is $325 per hour. *Id*. This is the rate Plaintiffs request the Court to award on their Petition. Plaintiffs' Petition for Attorney's Fees & Costs. Counsel represents clients primarily on a contingency fee basis but they are still obligated to pay his hourly fee upon a recovery. Plaintiffs' Exhibit A, Declaration of Gordon Leech. Most of Counsel's clients could not retain his services at this hourly rate but for the contingency fee arrangement. *Id*. Plaintiffs and counsel are in this contingency fee arrangement in this action. *Id*.

3

Counsel's itemized billing records reflect a total of 88.15 hours. *Id*. Counsel exercised billing discretion as shown in these hours to reduce the number of hours Plaintiffs request to 69.37, which includes three hours attributable to the Petition. *Id*. and Plaintiff's Exhibit C, Plaintiffs' Itemized Statement of Attorney's Time. The total attorney's fee that Plaintiffs have requested equals $22,545.25. Plaintiffs' Exhibit A, Declaration of Gordon Leech.

Plaintiffs have requested the Court to enter an award of costs in the amount of $1,305.70, to the extent these costs are not recovered under 28 U.S.C. § 1920 through Plaintiffs' proposed Bill of Costs submitted at Document No. 55. Plaintiffs' Petition for Attorney's Fees & Costs. Plaintiffs itemized statement of costs and supporting documents show the following costs: Filing Fee of $350.00; Service of Process fee of $31.90; Transcript fees for 11 depositions totaling $705.85; Costs for postage of $37.43; and Costs for reproduction of exhibits and other papers necessarily used in this action $180.52. Plaintiffs' Exhibit A, Declaration of Gordon Leech, and Plaintiffs' Exhibit D, Plaintiffs Itemized Statement Of Costs And Supporting Documents. The cost for 11 depositions relate to 10 set by the defendants, who deposed each plaintiff, and the one deposition set by the plaintiffs of Ark Haven's corporate representative. Plaintiffs' Exhibit A, Declaration of Gordon Leech. The copy charges reflect copies of exhibits to the depositions and submissions to opposing counsel. *Id*. The postage charges relate to postage fees for sending documents to opposing counsel and each client regarding this action and the necessary communications with regard to scheduling the depositions, review of certain documentation and the progress of this action. *Id*. Plaintiffs have also submitted these costs as statutory costs under 28 U.S.C. § 1920, in their Bill of Costs.

Plaintiffs have filed the declarations of attorneys Jeff Scott Olson and Walter F. Kelly in support of this petition, attesting to the reasonableness of the requested hourly rate for Gordon

Leech in this market, the total number of hours requested for the award of attorney's fees and as to the reasonableness of the amount of costs. Plaintiffs' Exhibit E, Declaration of Attorney Jeff Scott Olson, and Plaintiffs' Exhibit F, Declaration of Attorney Walter F. Kelly. Plaintiff's counsel's most recent award for attorney's fees was by an administrative law judge for the Equal Rights Division ("ERD") for the Wisconsin Department of Workforce Development, Milwaukee Hearing Office at the rate of $325 per on November 12, 2010, and another award on November 5, 2009, also by an administrative law judge with the Milwaukee Hearing Office of the ERD at the rate of $300 per hour. Plaintiffs' Exhibit A, Declaration of Gordon Leech.

## Argument

There is no dispute that the Court should enter an award for attorney's fees and costs of the action, per 29 U.S.C. § 216(b), per the parties' stipulation for entry of judgment and the Court's order approving that stipulation. The only dispute is as to the amount.

A. *The Attorney's Fees requested is a reasonable amount based on the market rate and the number of hours.*

The loadstar method, reasonable hourly rates multiplied by hours reasonably expended, is the appropriate means to determine the amount of attorney's fees to award under 42 U.S.C. § 1988. *People Who Care v. Rockford Bd of Educ., School Dist. No. 205*, 90 F.3d 1307, 1310-11 (7th Cir. 1996). The analysis for an award of attorney's fees under 42 U.S.C. § 1988 is applied to an award of attorney's fees and costs of the action under the 29 U.S.C. § 216(b), the Fair Labor Standards Act. *Heiar v. Crawford County*, 746 F.2d 1190, 1203-04 (7th Cir. 1984), cert. denied, 472 U.S. 1027, 105 S.Ct. 3500 (1985) (analyzing the district court's award of attorney's fees and non-statutory costs under 29 U.S.C. § 216(b)).

The Court should start with determining the reasonableness of the billing rate of the plaintiffs' attorney. *Haak v. Hults Ford-Mercury, Inc.*, 79 F.Supp.2d 1020, 1022 (W.D. Wis. 1999). Once

5

an attorney provides evidence of his billing rate, the burden shifts to the opponent to present evidence of why a lower rate is essential. Failing to do so is a concession that the rate is reasonable and should be awarded. *People Who Care v. Rockford Bd of Educ., School Dist. No. 205*, 90 F.3d 1307, 1313-14 (7th Cir. 1996), citing *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1151 (7th Cir. 1993). A reasonable hourly rate is determined based on market rates of the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question. *Krislov v. Rdnour*, 97 F.Supp.2d 862, 867 (N.D. Ill. 2000).

After determining the market rate, the court should calculate the reasonableness of the hours expended. *Haak*, 79 F.Supp.2d at 1022. A court should not reduce the number of hours in a fee award unless the court finds the hours were unreasonable. Unreasonable hours would be for unsuccessful results, inefficient or duplicitous efforts, or inadequately documented time. *People Who Care v. Rockford Bd of Educ., School Dist. No. 205*, 90 F.3d 1307, 1313-14 (7th Cir. 1996).

The overall reasonableness of the fee award is not determined by comparing the amount of the recovery with the amount of the fees. The Seventh Circuit rejects applying a rule of proportionality between the amount of damages recovered and the amount of attorney's fees in fee-shifting claims. *Anderson v. Ab Painting and Sandblasting, Inc.*, 578 F.3d 542, 544-45 (7th Cir. 2009).

Applying these standards to Plaintiffs' Petition for attorney's fees, Plaintiffs' counsel's request for $325 per hour is supported by his own declaration of his fee, fee awards in other cases and that his clients pay. The supporting declarations of other attorneys familiar with the market rates of attorneys also supports this rate. The number of hours Plaintiffs request is also reasonable based on the amount of work that was performed, the efficiency with which counsel performed the work, and the billing discretion counsel has exercised in entering the time and also

6

making reductions to the entries upon further review. The supporting declarations of other attorneys also shows that this amount of time is reasonable in this matter.

    B. **The $1,305.70 in Costs requested are reasonable, recoverable as costs under 28 U.S.C. § 1920 or 29 U.S.C. § 216(b), and were all reasonably incurred in this action.**

Costs not recovered under 28 U.S.C. § 1920 are recoverable in FLSA claims to the same degree as costs recovered under 42 U.S.C. § 1988. *Heiar*, 746 F.2d at 1203-04. Recoverable costs here include expenses for postage, long-distance calls, copying costs, paralegals and expert witnesses. *Kossman v. Calumet County*, 849 F.2d 1027, 1031-32 (7th Cir. 1988) *citing Heiar v. Crawford County*, 746 F.2d 1190 (7th Cir. 1984), cert. denied, 472 U.S. 1027, 105 S.Ct. 3500 (1985).

All the costs that the plaintiffs request in the Petition are related to pursuing their claims in this action. Plaintiffs' counsel has attested to expending these costs in this action for discovery and to communicate with the 10 plaintiffs and to give documents to the defendants. The great majority of the costs requested are due to the 10 depositions that the defendants took. These costs are minimal considering the number of depositions, the extent of the documents exchanged between the parties and that this matter resolved just prior to the Court's final pretrial conference.

## Conclusion

Plaintiffs' request for attorney's fees in the amount of $22,545.25 is reasonable. Plaintiffs' counsel's requested rate of $325 is a reasonable rate for counsel based on the market rate and his qualifications. The 69.37 hours requested is reasonable in this matter based on the work performed, the itemized billing records submitted by counsel and the billing discretion shown in the time entries. The costs are recoverable either as statutory costs under 28 U.S.C. § 1920 or as costs of the action under 29 U.S.C. § 216(b), and the $1,305.87 in costs itemized by Plaintiffs'

7

were reasonably incurred in this action. The Court should grant Plaintiffs' Petition for Attorney's Fees & Costs for a total amount of $23,850.95, less amounts awarded under Plaintiffs' Proposed Bill of Costs, directing the Clerk to amend the judgment accordingly.

WHEREFORE, Plaintiffs, Kerri Mack, et al., respectfully requests the Court to GRANT this petition and award them a total of $23,850.95 for their attorney's fees and costs, to direct entry of or amendment to the judgment accordingly, and other relief that the Court deems appropriate.

Respectfully submitted,

s/GORDON R. LEECH
Wis. Bar No. 1039489

Attorneys for Plaintiffs Kerri Mack, et al.
Consumer & Employment Law Center of
Wisconsin, S.C.
1001 W. Glen Oaks Lane, Suite 240
Mequon, WI 53092
Tel: (262) 478-0740
Email: gleech@wis-celc.com

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Mark J. Goldstein, Mark J. Goldstein, S.C., Attorneys for Defendants, Jurlean Bailey and Ark of the New Covenant Church of God in Christ, Inc., doing business as Ark Haven for the Elderly, this 23rd day of November, 2010.

s/Gordon R. Leech

8